**Honey Creek Stone Co. v. Telsmith Inc.**

122

*John J. DeCaro Jr.* and *Frank G. Salpietro,* for plaintiff.

*Kevin L. Colosimo* and *Andrew G. Jenkins,* for defendant Telsmith.

*Donald M. Lewis III,* for defendant Stewart-Amos Equipment Company.

PICCIONE, *J.,* April 5, 2011—Before the court for disposition are defendants' joint motion in limine and plaintiff's motion to quash and for protective order. With their joint motion in limine, defendants Telsmith, Inc. and Stewart-Amos Equipment Company (hereinafter, "defendants") seek to preclude any reference to or testimony reliant upon the "summary of lost business opportunities" identified as Attachment III in the expert report of expert witness James S. Fellin, CPA, CFE. According to plaintiff Honey Creek Stone Company (hereinafter, "plaintiff"), Attachment III is a summary of lost sales opportunities experienced by plaintiff from 2000 to 2006 as a result of defendants' alleged breach of contract and warranties. It was authored by Stan Barefield, plaintiff's former salesman,

and lists 17 former and potential customers of plaintiff along with the cost and amount of material expected to be sold to each of those customers. Defendants argue that any reference to Attachment III should be precluded because Attachment III is hearsay, speculative in nature, wholly unreliable, and prejudicial if admitted.

Defendants claim that Attachment III is "classic hearsay" because it is an out of court statement made by Mr. Barefield for the purpose of establishing a foundation for the conclusion that plaintiff could have become profitable by producing and selling more stone. Plaintiff notes that Mr. Barefield will be called to testify at trial.

Defendants maintain, however, that any reliance upon Attachment III by Mr. Fellin during his testimony constitutes hearsay. Regardless of the admissibility of Attachment III, Mr. Fellin may rely on Mr. Barefield's report during his testimony since Rule 703 of the Pennsylvania Rules of Evidence permits expert witnesses to rely on the reports of third parties. *Jahanshahi v. Centura Development Co., Inc.*, 816 A.2d 1179, 1185 (Pa. Super. 2003). Rule 703 states:

The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence. Pa.R.E. 703 (emphasis added).

Furthermore, if Attachment III is found to be inadmissible, the court may instruct the jury to consider Attachment III only to explain the basis for Mr. Fellin's opinion, and not as substantive evidence. Pa.R.E. 703, comment.

In order for Mr. Fellin to permissibly rely upon Attachment III, Rule 703 requires that Attachment III be the type of report that is reasonably relied upon by experts in the field. This is a preliminary question to be determined by the court. *Id.* To answer this question, the court must determine what type of evidence is typically relied upon to determine lost profits or future profitability. The Superior Court of Pennsylvania has stated that the following types of evidence are permissible to establish such damages:

> (1)...(2) evidence of past profits in an established business furnish a reasonable basis for estimating future profits. (3) Profits made by others or by a similar contract, where the facts were not greatly different may also afford a reasonable inference of the plaintiff's loss. (4) The evidence of experts if based on anything more than individual opinion or conjecture has also been admitted." *Bolus v. United Penn Bank*, 525 A.2d 1215, 1226 (Pa. Super. 1987) (citing Massachusetts *Bonding & Insur. Co. v. Johnston & Harder, Inc.*, 22 A.2d 709 (Pa.1941)).

As a result, the testimony of an expert as to lost profits or the potential for future profitability may be admitted assuming the expert's testimony is based on anything more than individual opinion or conjecture. *Id.*

Defendants claim that Attachment III merely represents

the opinion of Mr. Barefield. They argue that Attachment III is speculative, wholly unreliable, and generally not the type of evidence reasonably relied upon by an expert testifying as to lost profits. As stated above, defendants assert that Attachment III has been offered by plaintiff to establish a foundation for the conclusion that plaintiff could have become profitable by producing and selling more stone. Consistent with defendants, Mr. Fellin indicated in his report that he consulted Attachment III as well as other sources to determine whether there was adequate demand to consume the production capability of plaintiff. Pl.'s expert report, at 8. To support its claim of increased customer demand asserted in Attachment III, plaintiff offered letters and communications between defendants and some of plaintiff's customers that are listed on Attachment III. Lindy Paving, Inc. provided defendant with documentation indicating that plaintiff had at least sent lists of prices for their product to Lindy Paving, Inc. Pl.'s Ex. A. Kokosing Construction Co., Inc. never denied that it had previously requested prices from plaintiff. Pl.'s Ex. B. Similarly, John Gulisek Construction Co. indicated that it may have requested pricing on material from plaintiff. Pl.'s Ex. C. Baird Concrete Products notified defendants that it purchased No. 9 Limestone from plaintiff until November of 2006, when plaintiff no longer had the material available. Pl.'s Ex. D. T.C. Redi-Mix provided defendants with documentation indicating that substantial business was conducted with plaintiff. Pl.'s Ex. E.

The information on Attachment III is consistent with the letters and communications between defendants and

plaintiff's customers. Attachment III lists Lindy Paving, Inc. as a potential customer but does not indicate that plaintiff ever conducted any business with that company. Attachment III notes that plaintiff could not meet production requirements and, as a result, could not bid on a sewer projected handled by Kokosing Construction Co., Inc. Similarly, Attachment III states that plaintiff could not bid on a project of John Gulisek Construction Co. because it could not produce enough stone. Attachment III also indicates that plaintiff conducted business with Baird Concrete Products and T.C. Redi-Mix until plaintiff ran out of stone. Based on the above examination of the evidence presented, it appears that Attachment III accurately reflects the business relationship between plaintiff and its previous and potential customers. As a result, the court may infer that Attachment III is based on plaintiff's actual business relationship with the 17 previous and potential customers listed. The information in Attachment III is drawn from past profits and past attempts to bid on or supply certain projects. It is not based on Mr. Barefield's individual opinion or conjecture. Therefore, the court finds that Attachment III provides the type of facts and data that are reasonably relied upon by experts in determining whether there is sufficient demand for a business's product. Mr. Fellin may rely on and reference Attachment III during his testimony. Defendants will not be unfairly prejudiced by the court's decision. Therefore, defendant's joint motion in limine is denied.

In addition to defendants' joint motion in limine, plaintiff's motion to quash and for protective order is

currently before the court. Defendant Telsmith has sought to subpoena seven of plaintiff's Ohio customers to give a deposition relative to the instant litigation. Plaintiff argues that defendant Telsmith has failed to comply with the proper procedure and that this court does not have the authority to compel these depositions in Ohio. Plaintiff requests that the court quash the subpoenas and enter a protective order prohibiting the depositions of the seven customers.

Preliminarily, the court notes that plaintiff's motion was previously argued and was denied by order of court dated December 8, 2010. Notwithstanding the previous denial, the court finds that plaintiff's current motion is also without merit. Plaintiff claims that defendant Telsmith was required to apply to this court for issuance of a letter rogatory; however, the authority cited by plaintiff imposes no such requirement to secure a deposition in Ohio. See 42 Pa.C.S.A. § 5325; see also Pa.R.C.P. 4015. Furthermore, defendant Telsmith may attempt to depose plaintiff's seven customers, regardless of this court's authority to compel a deposition in Ohio. If defendant Telsmith cannot secure those depositions, that evidence will not be available at trial. Therefore, plaintiff's motion to quash and for protective order is denied.

## ORDER OF COURT

And now, April 5, 2011, this court having held a hearing/argument on March 29, 2011 regarding defendants' joint motion in limine and plaintiff's motion to quash and for protective order, with John J. DeCaro,

Jr., Esquire, and Frank G. Salpietro, Esquire, appearing and representing the plaintiff, and Kevin L. Colosimo, Esquire, and Andrew G. Jenkins, Esquire, appearing and representing the defendant Telsmith, Inc., and Donald M. Lewis, III, Esquire, appearing and representing the defendant Stewart-Amos Equipment Co., and after consideration of the parties' arguments, it is hereby ordered, adjudged, and decreed as follows:

1.   Plaintiff's motion to quash and for protective order is denied pursuant to the attached opinion.

2.   Defendants' joint motion in limine is denied pursuant to the attached opinion.

3.   The court confirms this case is scheduled for commencement of trial during the first week of the May 2011 civil trial term to commence May 9, 2011.

4.   The prothonotary shall properly serve notice of this order and attached opinion upon counsel of record for the parties, John J. DeCaro, Jr., Esquire, and Frank G. Salpietro, Esquire, counsel for the plaintiff; Kevin L. Colosimo, Esquire, and Andrew G. Jenkins, Esquire, counsel for the defendant Telsmith, Inc.; and Donald M. Lewis, III, Esquire, counsel for the defendant Stewart-Amos Equipment Co.